833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mario F. CARSELLO, Sr., Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 87-3291.
 United States Court of Appeals, Federal Circuit.
 Oct. 20, 1987.
 
 Before FRIEDMAN, DAVIS and NIES, Circuit Judges.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board or MSPB), MSPB Docket No. PH04328610486, sustaining petitioner's removal from his position with respondent agency, is affirmed.
 
 OPINION
 
 2
 Petitioner was a Special Agent (Criminal Investigation) with the Bureau of Alcohol, Tobacco and Firearms of the respondent Treasury Department. He was removed by his agency after being rated as unacceptable in two critical elements of his position: "Knowledge and Application of Laws and Regulations" and "Oral and Written Communications." After a hearing, the administrative judge upheld the removal in a thorough opinion. The full Board declined review.
 
 
 3
 No issue is raised before us as to the substantial evidence supporting the conclusion that petitioner failed in the two critical categories. Only two other questions are presented. The first is that the removal was the result of a reprisal against Mr. Carsello, and the second whether he received a proper improvement period. We consider each question in turn.
 
 
 4
 The administrative judge found that (a) petitioner filed a grievance against his supervisor Clowser, alleging that the latter had assaulted a number of agents; (b) petitioner subsequently filed a lawsuit against that supervisor and the agency; (c) that those of petitioner's activities were protected under 5 U.S.C. Sec. 2302(b)(9), and (d) that Clowser knew of these protected roles, had a dominant role in the removal proposal, and a retaliatory motive toward Carsello. Nevertheless, the administrative judge affirmed the removal under the doctrine of Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). This court has already accepted the Mt. Healthy doctrine--"in the context of reprisal issues, the inquiry covers not only whether a retaliatory motive exists, but also whether there are independent grounds for initiating an action against an employee." See Warren v. Department of the Army, 804 F.2d 654, 657 (Fed.Cir.1986).
 
 
 5
 In this instance, the administrative judge permissibly held that Carsello would have been removed for unacceptable performance even if the protected activity had not taken place. The relevant factors (found by the administrative judge on substantial evidence) are these: petitioner's performance deficiencies preceded his protected activity; those deficiencies were considered as serious by the deciding official; petitioner was difficult to handle; there was close scrutiny of Carsello's case by the proposing and deciding officials (who were unconnected with the protected activity); the severe sanction of removal was imposed only after alternatives were considered and rejected; there was no evidence of disparate treatment against Carsello; though Clowser continued to evaluate petitioner, the actual decisions were made by others who were untainted by Carsello's protected activity. The result is that there was substantial evidence demonstrating that there were independent grounds for removing petitioner and reprisal has not been shown to be the triggering factor.
 
 
 6
 Finally, the MSPB correctly found that petitioner was provided with a proper 120-day opportunity to improve. Two letters informed him specifically and in detail of the two deficiencies charged against him, as well as statements as to how he could be helped to improve. This was quite sufficient to caution him as to the need for improvement, and supervisors testified that he did not in fact improve. Petitioner says that no supervisor warned him that his performance continued to be deficient, but there is testimony from a supervisor that the latter continued his daily feedback of petitioner's work product.